UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TERREBONNE PARISH | * | CIVIL ACTION |
| RECREATION DISTRICT NO. 7 | * | |
| | * | NO. 23-5751 |
| VERSUS | * | |
| | * | JUDGE BARRY W. ASHE |
| MAXUM INDEMNITY COMPANY | * | |
| | * | MAGISTRATE JUDGE |
| | * | EVA J. DOSSIER |
| *********************************** | * | |

## ORDER AND REASONS

In resolving Plaintiff Terrebonne Parish Recreation District No. 7's Motion to Compel Production of Documents,[1] the Court, the Honorable Michael North presiding, ordered Defendant Maxum Indemnity Company to produce for *in camera* review any documents it claims are covered by the attorney-client and/or work product privileges.[2] The undersigned has reviewed Defendant's Privilege Log[3] and 17 pages of documents[4] that the Defendant asserts are subject to the work product privilege. Having reviewed the documents, privilege log, and the applicable law, the Court issues this Order & Reasons sustaining Defendant's objection to the production of these documents based on work product privilege.

---

[1] Rec. Doc. 11.

[2] Rec. Doc. 14.

[3] Rec. Doc. 11-4.

[4] Documents Bates stamped as MAXUM_TerrebonneRecNo7 000052-53, 000054-55, 000188-191, 000332-334, 002048, and 002201-2205.

1

## I. Background

This lawsuit arises out of Plaintiff's claims relating to several of its properties located in Terrebonne Parish, Louisiana, that were alleged to have been damaged by Hurricane Ida.[5] This Court adopted Case Management Order No. 1 ("CMO No. 1") on August 26, 2022, to govern Hurricane Ida Claims.[6] CMO No. 1 includes a provision for certain mandatory initial disclosures outlining the exchange of information and documents to be made by the parties.[7] CMO No. 1 also includes a provision for documents over which a privilege may be asserted.[8] Certain documents in Defendant's claim file have not been produced to Plaintiff on the basis that they are privileged.

## II. Applicable Law

Under Rule 26, a party may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1). The work product doctrine is codified by Rule 26(b)(3), which provides, "Ordinarily, a party may not discovery documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." Fed. R. Civ. P. 26(b)(3).

---

[5] Rec. Doc. 1 at 2-3.
[6] Rec. Doc. 10.
[7] Rec. Doc. 10, Section 1, Exhibit A.
[8] Rec. Doc. 10, Section 2.

The focus in determining whether a document falls within the work product protection is whether "the motivating purpose" behind its creation was to aid in litigation or possible future litigation. *Stoffels v. SBC Commc'ns, Inc.*, 263 F.R.D. 406, 412 (W.D. Tex.2009). The work product protections are held by the attorney as well as the client. *Id.* While a document need not be generated in the course of an ongoing lawsuit in order to qualify for work product protection, it must have been prepared with "the primary motivating purpose" of aiding in possible future litigation. *Jolivet*, 340 F.R.D. 7. "Materials assembled in the ordinary course of business, or pursuant to public requirements unrelated to litigation, or for other nonlitigation purposes are not under the qualified immunity provided by this subdivision." *Id.* (citing the advisory committee notes to Rule 26(b)(3)).

The Fifth Circuit applies this "primary purpose" test to determine if a document is privileged and afforded protection under the work product doctrine. *Muller v. Bonefish Grill, LLC*, CV 20-1059, 2021 WL 2822374, at *1 (E.D. La. July 7, 2021). The test provides that the work product privilege can apply when litigation is not imminent, "as long as the primary motivating purpose behind the creation of the document was to aid in possible future litigation." *Id.* Factors that a trial court may rely upon to determine "the primary motivation" for the creation of a document include the retention of counsel and counsel's involvement in the generation of the document and "whether it was a routine practice to prepare that type of document or whether the document was instead prepared in response to a particular circumstance." *Piatkowski v. Abdon Callais Offshore, L.L.C.,* No. 99-3759, 2000 WL

1145825, at *2 (E.D. La. Aug. 11, 2000). "If the document would have been created regardless of whether litigation was also expected to ensue, the document is deemed to be created in the ordinary course of business and not in anticipation of litigation." *Id.*

With regard to insurance claims and litigation, "the analysis of whether documents were prepared in anticipation of litigation becomes more complicated." *Louisiana Corral Mgmt., LLC v. Axis Surplus Ins. Co.*, 650 F.Supp.3d 491, 497 (E.D. La. 2023). "This is because insurance companies are in the business of conducting, investigating, and evaluating claims against [ ] policies." *Id.* To determine whether insurance documents, such as adjusting documents, are subject to work product protection, a court must undertake a fact-specific analysis. *Civic Ctr. Site Dev., LLC v. Certain Underwriters at Lloyd's London (Consortium #9226)*, No. 23-1071, 2023 WL 5974843, at *7 (E.D. La. Sept. 14, 2023); *see also O'Connor v. Allied Tr. Ins. Co.*, CV 23-218, 2023 WL 6464787, at *2 (E.D. La. Oct. 4, 2023) (noting that in making a "fact specific" inquiry, "courts consider the primary motivating purpose behind the creation of the document, more so than the timing of production of that document"). The insurer asserting the work product privilege must "first point the court towards the critical factor that made it anticipate litigation and secondly offer specific facts demonstrating that the critical factor caused the insurer to deal with the insured differently." *Civic Ctr. Site Dev.,* 2023 WL 5974843, at *7.

**III.   Analysis**

Here, the documents that were withheld were created after receipt of Plaintiff's demand and after Plaintiff filed a lawsuit and would not have been created had litigation not been underway. Therefore, the Court finds that the work product doctrine attaches to the following documents:

The documents Bates labeled MAXUM_TerrebonneRecNo7 000052-53, 000054-55, 000188-191, and 002048 reflect communications about how to respond to a demand letter from an attorney and are subject to work product protection. The documents Bates labeled MAXUM_TerrebonneRecNo7 002201-002205 appear to reflect post-lawsuit efforts to compile relevant documents and therefore are subject to work product protection.

Lastly, the documents Bates labeled MAXUM_TerrebonneRecNo7 000332-000334 reflect material collected for review by an attorney that was compiled after receipt of a demand and after Plaintiff filed a lawsuit. Some of the entries on these pages reflect non-privileged claim notes which are available in other areas of the claim file, which Defendant produced to Plaintiff. Because these documents, however, reflect a compilation gathered in response to a demand and a lawsuit they are subject to work product protection.

Accordingly, for these reasons

**IT IS ORDERED** that Defendant Maxum Indemnity Company's objection to producing the documents Bates stamped MAXUM_TerrebonneRecNo7 000052-53, 000054-55, 000188-191, 000332-334, 002048, and 002201-2205 is sustained pursuant

to the work product doctrine. Defendant has complied with the Court's April 3, 2024 Minute Entry (Rec. Doc. 14), which granted Plaintiff's Motion to Compel Production of Documents (Rec. Doc. 11), and no further documents need to be produced by Defendant at this time.

    New Orleans, Louisiana, June 10, 2024.

_____<br>
EVA J. DOSSIER<br>
UNITED STATES MAGISTRATE JUDGE